Argued and submitted December 9, 1994, affirmed January 25, 1995

# Jon CARROLL
and Karen Lackritz,
*Respondents,*

*v.*

# Austin Sylvia NEWCOMB,
*Appellant,*
*and*
# APPLETREE COMMUNE, INC.,
*Defendant.*

## (16-93-07418; CA A84239)

888 P2d 1062

Harold D. Gillis argued the cause and filed the briefs for appellant.

John F. Kieran argued the cause and filed the brief for respondents.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

## LEESON, J.

Defendant Newcomb[1] appeals the trial court's granting of plaintiffs' motion for summary judgment. The issue is whether plaintiffs' notice of default in the performance of a land sale contract meets the requirements of ORS 93.915(3).[2] Because no material facts are in dispute, we review the record in the light most favorable to defendant to determine whether plaintiffs are entitled to judgment as a matter of law. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). We affirm.

In 1984, plaintiffs, who own the property in dispute, entered into a land sale contract with Appletree. The contract's "default" provision stated that if a breach occurred, plaintiffs could (1) declare the contract "null and void" as of the date of the breach, (2) retain "as liquidated damages the amount of the payments theretofore made upon the premises," and (3) reclaim the property. If the breach consisted of nonpayment of sums due and owing, plaintiffs' exclusive remedy was recovery of the land.

In October, 1992, Appletree executed a bargain and deed of sale to defendant. Shortly thereafter, Appletree defaulted on its contract with plaintiffs by failing to obtain plaintiffs' consent to transfer the property to defendant and by failing to make payments.

On April 28, 1993, plaintiffs filed a notice of default in the Lane County Office of Deeds and Records and served a notice of default on Appletree and defendant.[3] The date, April

---

[1] Appletree Commune, Inc. (Appletree) was also a named defendant in plaintiffs' forfeiture action. However, Appletree did not appear and a default judgment was entered against it. It is not a party to this appeal.

[2] ORS 93.915 provides, in part:

"(3) The notice shall specify the nature of the default, the amount of the default if the default is in the payment terms, the date after which the contract will be forfeited if the purchaser does not cure the default and the name and address of the seller or the attorney for the seller. The period specified in the notice after which the contract will be forfeited may not be less than:

"* * * * *

"(b) Ninety days, when the purchaser has reduced the unpaid balance to an amount which is more than 50 percent but less than 75 percent of the purchase price * * *."

[3] Plaintiffs' notice of default named Appletree and Appletree's co-purchasers

28, 1993, appeared immediately under the heading "Notice of Default." The notice stated that as of February 1, 1993, Appletree was past due in its payments and that plaintiffs would "declare the [c]ontract forfeited and retain the amounts previously paid under the [c]ontract ninety days from *the above date*" unless the default was cured. (Emphasis supplied.)

On July 28, 1993, 91 days after they mailed the notice of default, plaintiffs filed an affidavit of forfeiture in the Office of Deeds and Records. That same day, defendant filed a notice in the Office of Deeds and Records alleging that plaintiffs' notice of default failed to comply with statutory requirements, because it was not signed by all of the sellers[4] and because it did not state the date after which the property would be forfeited. Plaintiffs subsequently brought this declaratory judgment action to establish that their notice complied with statutory requirements and to quiet title. Appletree failed to appear and a judgment was entered against it. The trial court then granted plaintiffs' motion for summary judgment and held that plaintiffs' notice of default complied with ORS 93.915. The court also entered a judgment quieting title in plaintiffs.

On appeal, defendant assigns error to the granting of plaintiffs' motion for summary judgment. We write only to address her contention that plaintiffs' notice of default was invalid, because it failed to state the date the forfeiture would occur if the default was not cured. Defendant argues that the language in the notice referring to "the above date" is ambiguous and insufficient to apprise her of the date after which the forfeiture would occur. She contends that "[i]f the court sanctions plaintiffs' Notice it is an open invitation to the clever and to the careless to obfuscate the *sole* notice the

---

under the land sale contract as the parties in default. However, plaintiffs desired that the forfeiture foreclose defendant's interest in the property as well as the interest of Appletree. Thus, they gave defendant notice of the proceeding. Consequently, defendant was entitled to "the same rights and opportunities to cure the purchaser's default or satisfy the purchaser's obligations as [were] granted the purchaser." ORS 93.940.

[4] Carroll signed the notice as agent for the sellers. Defendant concedes that the relevant statutes do not contain any provision that the sellers must sign the notice of default.

intended recipients are entitled to receive * * *." (Emphasis in original.) Plaintiffs argue that the notice contains the date after which forfeiture would occur. They contend that the only sensible and reasonable interpretation of the phrase, "the above date," is that it refers to the date at the top of the notice, April 28, 1993. We agree.

In *Ho v. Presbyterian Church of Laurelhurst*, 116 Or App 115, 840 P2d 1340 (1992), *rev den* 315 Or 311 (1993), the default notice stated that "the principal balance should not be more than $68,440.84 as of September 1, 1989[,] and the principal balance is actually $81,082.97 * * *." We rejected the defendant's argument that the notice was defective, because it failed to show the amount of default "in payments" as required by ORS 93.915(3). We held that the notice was not defective, because the plaintiffs could ascertain, "by simple subtraction, the difference between the stated balances and, therefore, what amount defendant claimed was necessary to pay to cure the default." 116 Or App at 121-22.

Similarly, here defendant could ascertain the date after which the contract would be forfeited. Consistent with the requirements of ORS 93.915(3)(b), the notice stated that plaintiffs would declare the contract forfeited "ninety days from the above date" if defendant "fail[ed] to cure the default by payment of all sums due within such ninety days." The date printed directly under the heading "Notice of Default," was April 28, 1993. Plaintiffs' notice satisfied the requirements of ORS 93.915.

Defendant's other assignments of error do not merit discussion.

Affirmed.